SHELBY ICE AND FUEL COMPANY v. SOUTHERN RAILWAY COMPANY.

(Filed 11 March, 1908).

1. Railroads—Penalty Statutes—Transportation—Points Within State—Through Another State.

A penalty under Revisal, 2632, cannot be recovered for the failure of a railroad company to transport freight within a reasonable time, when the initial and terminal points are within the State, but the shipment necessarily passes into another State *in transitu.* (App. *Marble and Granite Co. v. Railway,* at this term).

2. Same—Delayed in State—Recovery—Quære.

As to whether a penalty is recoverable under Revisal, sec. 2632, for failure of a railroad company to transport freight from and to points within the State, necessarily passing through another State *in transitu,* when the delay is shown to have occurred here, at the initial or terminal point, *quære.*

3. Railroads—Penalty Statutes—Length of Delay Admitted—Question for Jury.

In an action to recover a penalty for failure of a railroad to transport freight under Revisal, 2632, it is for the jury, in proper instances, to ascertain the amount recoverable, and not a question of law for the court. (App. *Davis v. Railroad,* 145 N. C., 207).

CIVIL ACTION, appeal from a judgment of a justice of the peace, heard before *Ward, J.,* and a jury, at Spring Term, 1907, of the Superior Court of CLEVELAND County.

Judgment for plaintiff, and defendant appealed.

The facts sufficiently appear in the opinion of the Court.

*O. F. Mason* and *W. B. Rodman* for defendant.

No counsel for plaintiff.

WALKER, J.   This action was brought to recover the penalty given by section 2632 of the Revisal for delay in transporting a carload of brick from Grover, N. C., to Shelby, N. C.   There was a verdict and judgment for the plaintiff, and the defendant appealed.   It appears, by implication, that a part of the transportation was through the State of South Carolina, though the evidence on that point is not of the most satisfactory character.   The courts in some of the States have held that, in cases of railroad transportation like that we are considering in this appeal, if the initial and terminal points are in the same State, the transportation does not constitute interstate commerce, though part of the territory of another State may be traversed in making the journey.   *Campbell v. Railroad Co.,* 86 Iowa, 587; *Seawell v. Railroad Co.,* 110 Mo., 222.   But, in *Hanley v. Railway Co.,* 187 U. ·S., 617, the Supreme Court of the United States, whose decision we must follow in such cases, held that those cases were decided upon the authority of *Railroad v. Pennsylvania,* 145 U. S., 192, and in deference to conclusions drawn from that case, which involved only a question of taxation, and that the conclusions of the State courts had been carried too far.   Referring to *Railroad v. Pennsylvania, Justice Holmes* said: "That was the case of a tax, and was distinguished expressly from an attempt by a State directly to regulate the transportation while outside its borders.   145 U. S., 204.   And, although it was intimated that, for the purposes before the Court, to some extent commerce by transportation might have its character fixed by the relation between the two ends of the transit, the intimation was carefully confined to those purposes."   The evidence not being very definite as to the character of the transportation, we will not decide whether, if the delay occurred in this State, the plaintiff can recover the penalty for failure to transport the carload of brick within a reasonable

time, as alleged in the case; but if it appears at the next trial that the transportation was through South Carolina, the case would, under *Hanley v. Railroad,* seem to fall within the principle of our decision at this term in *Marble and Granite Co. v. Railway,* the transportation not being wholly within this State.

The following issue was submitted to the jury: "What amount, if anything, is the plaintiff entitled to recover of the defendant on account of penalty?"    Answer: "Forty-five dollars."    The court charged the jury that, if they believed the evidence, they should answer the issue "Yes," as matter of law, and the defendant excepted.    This instruction was erroneous.    In this respect the case is governed by *Davis v. Railroad,* 145 N. C., 207, and it is not necessary for us to repeat here the reasons we assigned in that case for granting a new trial.    The Judge should have left the question as to the delay and the amount the plaintiff is entitled to recover to the jury, with proper instructions upon the law.

New Trial.