SHELBY ICE AND FUEL COMPANY v. SOUTHERN RAILWAY
COMPANY.

(Filed 11 March, 1908).

1. **Railroads—Penalty Statutes—Actual Transit—Interstate Commerce.**

    An action to recover a penalty under Revisal, sec. 2632, for a delay alleged to have occurred in the actual transit of goods shipped by rail from a point within the State to a point without the State, cannot be sustained. (See *Davis v. Railway*, 145 N. C., 207, and *Ice Co. v. Railway*, at this term).

2. **Railroads—Penalty Statutes—Instructions—Transportation—Verdict Directing.**

    It is error in the court below to charge the jury to find a certain sum for plaintiff, if they believe the evidence, in an action for the recovery of a penalty, under Revisal, sec. 2632, for the alleged failure of a railroad company to transport goods. The question of delay and the ascertainment of the amount of the recovery were questions for the jury, under proper instructions.

CIVIL ACTION, heard on appeal from a judgment of a justice of the peace, before *Ward, J.,* and a jury, at Spring Term, 1907, of the Superior Court of CLEVELAND County.

From judgment for plaintiff defendant appealed.

The facts sufficiently appear in the opinion of the Court.

*O. F. Mason* and *W. B. Rodman* for defendant.

No counsel for plaintiff.

WALKER, J.    This is an action to recover the penalty given by section 2632 of the Revisal for delay in transporting a carload of brick from Grover, N. C., to Shelby, N. C., *via* Blacksburg, S. C.   The issue submitted to the jury, with the answer thereto, was as follows: "What amount is the plaintiff entitled to recover of the defendant on account of penalty?" Answer: "Fifty-five dollars."   The court charged the jury that, if they believed the evidence, they should answer the issue "Forty-five dollars."   This is an interstate shipment, as we have held in *Davis v. Railway,* 145 N. C., 207, and *Ice Co.*

*v. Railway,* at this term, and, therefore, the case is governed by *Marble Co. v. Railway,* also decided at this term, wherein we held that section 2632, so far as the actual transit is concerned, applies only to intrastate shipments.     The charge was, therefore, erroneous for this reason, and also because the Judge should have permitted the jury to pass upon the question of delay and to ascertain the amount of the recovery, under proper instructions, instead of directing a verdict for the plaintiff as matter of law, if the evidence was believed. *Davis v. Railway, supra,* and *Ice Co. v. Railway, supra.*

New Trial.