St. Louis & San Francisco Railroad Company *v.* State.

Opinion delivered October 26, 1908.

Interstate commerce—shipment through another state.—Although a railroad company has a line between two given points entirely within the State, yet if, by reason of the defective condition of a bridge belonging to another company, it is compelled to route freight shipments between these points by way of a line through another State, the transportation is interstate commerce, and is not subject to State regulation.

Appeal from Randolph Circuit Court; *J. W. Meeks,* Judge; reversed.

*W. F. Evans* and *W. J. Orr,* for appellant.

1. The shipments in question were interstate, and the interstate rate applied, and not the Arkansas tariffs. 187 U. S. 617; 202 U. S. 543; 196 U. S. 194; 201 U. S. 321; 95 S. W. 453.

2. Appellant would have violated the interstate commerce act if it had accepted or agreed to accept the Arkansas rate on the shipments. 95 S. W. 453; 28 U. S. 428; 200 U. S. 361; 158 U. S. 98; 26 U. S. 628.

Battle, J. The State of Arkansas seeks to recover, by this action, of the St. Louis & San Francisco Railway Company the penalty prescribed by statute for transporting freight at a greater rate than is allowed by the laws of this State. The issues in the case were tried upon an agreed statement of facts, which is as follows:

"It is stipulated and agreed that at all the times mentioned in the complaint the defendant was and now is a railroad corporation, organized under the laws of the State of Missouri and operating a line of road in and through the counties of Clay, Greene, Randolph, Mississippi, Poinsett, Lawrence, Craighead, Sharp and Fulton. in Arkansas, and through many counties in Missouri.

"That prior to May 3, 1907, it operated a line of road through Hoxie and Cape Girardeau, *via* a bridge over and across Black River, near Pocahontas, Arkansas; also a line between Hoxie and Jonesboro, this forming a line between Cape Girardeau, Missouri, and Jonesboro, Arkansas. That Pocahontas and Biggers are stations ·on said line.

"That prior to May 3, 1907, defendant received and transported carload shipments over the said line between the stations of Biggers, Pocahontas and Jonesboro and other stations over said bridge. That said bridge is the property of the Randolph County Bridge Company, a corporation organized under the laws of Arkansas.

"That on May 3, 1907, said bridge was condemned by the civil engineers as unsafe for the passage of trains, and was unsafe for the passage of trains to the present time. That since May 3, 1907, defendant has transported all carload shipments between Biggers and Jonesboro and Pocahontas and Jonesboro *via* Poplar Bluff, Cape Girardeau or Chaffee, stations in Missouri, and *via* Big Creek, Arkansas, over a line operated by this defendant *via* said last named station, and it has refused to route any carload shipments *via* the Pocahontas bridge over Black River because of the unsafe condition of said bridge.

"That it has applied the tariff rates established between Pocahontas and Jonesboro, and Biggers and Jonesboro *via* Poplar Bluff and Cape Girardeau, and not the tariff which would apply between Biggers, Pocahontas and Jonesboro *via* the bridge.

"That it has not since May 3, 1907, routed any carload shipments between the last named places *via* the Pocahontas or Black River bridge, or *via* Hoxie, Arkansas.

"That the rates charged by the defendant since May 3, 1907, on carload shipments *via* its line through Missouri and between Biggers, Pocahontas and Jonesboro exceed the rates fixed by the railroad commission of Arkansas and in force during said period between said stations *via* the Pocahontas or Black River bridge."

The plaintiff recovered a judgment for $500, and the defendant appealed.

The only question in the case is, were the charges appellant was authorized to make and collect for transporting freight between the points named above controlled by the laws of Arkansas? This question was decided in *Hanley* v. *Kansas City Southern Railway Co.,* 187 U. S. 617. The facts in that case, as stated in the opinion, were as follows: "The plaintiff owns a road running through several States and Territories. The road, after leaving Missouri, runs for twenty-eight miles and a fraction

through Arkansas to the dividing line between that State and the Indian Territory, then nearly one hundred and twenty-eight miles in the Territory, and then over one hundred and seventeen miles in Arkansas again to Texas. There is also a branch line running from Fort Smith, in Arkansas, to Spiro, in the Indian Territory, about a mile of which is in the State and fifteen in the Territory, and there are other branches. Goods were shipped from Fort Smith by way of Spiro and the road in the Indian Territory to Grannis, in Arkansas, on a through bill of lading, the total distance being a little more than fifty-two miles in Arkansas and nearly sixty-four in the Indian Territory. For this the railroad charged a sum in excess of the rate fixed by the railroad commissioners, and was summoned before them under the State law. The commissioners decided that the company was liable to a penalty under the State statute, assert their right to fix rates for continuous transportation between two points in Arkansas, even when a large part of the route is outside the State through the Indian Territory or Texas, and intend to enforce compliance with these rates." The court held that the transportation of the goods in that case was interstate commerce, and was under the regulation of Congress, free from interference by the State of Arkansas; and that, "to bring the transportation within the control of the State, as part of its domestic commerce, the subject transported must be" for the entire distance carried "under the exclusive jurisdiction of the State."

Following *Hanley* v. *Kansas City Southern Ry. Co.*, we hold that the transportation of goods in this case was interstate commerce, and was under the regulation of Congress, free from the interference of the State of Arkansas; and that no penalty is recoverable in this action.

Judgment is reversed, and the action dismissed.