**WESTERN UNION TELEGRAPH CO. v. ORR et al.**

No. 7286—Opinion Filed July 11, 1916.

(158 Pac. 1139.)

1. **Commerce—Power to Regulate—Effect of Federal Law—Telegraph Companies.**

Act. Cong. June 18, 1910, c. 309, 36 Stat. 539, amending the act to regulate commerce (Act Cong. Feb. 4, 1887, c. 104, 24 Stat. 379), which placed telegraph companies, with respect to interstate business, in the same class as other common carriers, and made such companies liable under the federal law for any dereliction of duty, supersedes all state laws on the subject.

2. **Telegraphs and Telephones—Operation— Limitation of Liability.**

A stipulation, on the back of a regular printed form upon which messages are written, that a telegraph company will not be liable for mistakes or delays in the transmission or delivery, or the nondelivery of an unrepeated message beyond the amount received for sending the same, is as applied to interstate messages valid and binding upon

the sendee of such message, and is not affected by section 9, art. 23, Const.

(Syllabus by Day, C.)

Error from District Court, Oklahoma County; W. R. Taylor, Judge.

Action by E. L. Orr and another, doing business under the firm name of Orr & Hannon, against the Western Union Telegraph Company. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

Keaton, Wells & Johnston and Albert T. Benedict, for plaintiff in error.

Twyford & Smith and Biddison & Gore, for defendants in error.

Opinion by DAY, C. Defendants in error, hereinafter styled plaintiffs, instituted this action in the trial court against plaintiff in error, hereinafter styled defendant, for damages for negligently failing to transmit and deliver to one of the plaintiffs, E. L. Orr, a telegram delivered by plaintiffs to defendant, at its office in Tulsa, Okla., for transmission and delivery at Chicago, Ill. Defendant, among other things, answered that the message as received by it for transmission was written upon a regularly printed form, which constituted a written contract between the senders and the defendant and between plaintiffs and defendant, and that by the terms and conditions of said contract defendant should not be liable for mistakes or delays in the transmission or delivery, or for nondelivery, of an unrepeated message beyond the amount received for sending the same and that said message was not repeated, and that said defendant was not requested or directed to repeat the same, and that the sum received by it for transmission thereof was 72 cents, and further that said message was an interstate message, to be sent from a point in the state of Oklahoma to a point in the state of Illinois, and that by reason of the provisions of the act of Congress of June 18, 1910, the jurisdiction to regulate interstate communications by telegram was conferred upon the Interstate Commerce Commission, and that the stipulations in the contract mentioned were reasonable and valid and binding, and free from any regulation or control on the part of the state of Oklahoma or any other state. A copy of the printed form upon which the message was written, containing the conditions referred to, was attached to and made a part of its answer. To this defense plaintiffs interposed a demurrer, which was by the court sustained, and defendant brings this cause here on transcript for review.

The question involved in this appeal is no longer an open question in this state. In the case of Western Union Telegraph Co. v. Bank of Spencer, 53 Okla. 398, 156 Pac. 1175, Mr.

Justice Hardy, in an able and well-considered opinion, and an exhaustive review of the authorities, decides the question herein adversely to plaintiffs. The syllabus of this case is as follows:

"1. Act Cong. June 18, 1910, c. 309, 36 Stat. 539, amending the act to regulate commerce, * * * which placed telegraph companies, with respect to interstate business, in the same class as other common carriers, and made such companies liable under the federal law for any dereliction of duty, supersedes all state laws on the subject.

"2. A stipulation, on the back of a regular printed form upon which messages are written, that a telegraph company will not·be liable for mistakes or delays in the transmission or delivery of an unrepeated message beyond the amount received for sending the same, and a further stipulation that the company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing in 90 days after the message is filed with the company, are, as applied to interstate messages, valid and binding upon the sendee of such message, and are not affected by section 9, art. 23, Const."

It therefore follows that the trial court committed material error in sustaining plaintiffs' demurrer to defendant's answer.

This cause should therefore be reversed and remanded.

By the Court: It is so ordered.