### WESTERN UNION TELEGRAPH CO. v. KING et al. (No. 7936.)

(Court of Civil Appeals of Texas. Galveston. June 29, 1920.)

1. **Appeal and error &#9750;771—Appellant not entitled to benefit of disputed oral waiver of rules.**

An appellant is not entitled to the benefit of an alleged, but disputed, oral understanding tending toward a waiver of the rules for the filing of briefs.

2. **Appeal and error &#9750;773(3) — Appeal not dismissed for failure to file briefs, where fundamental error appears on record.**

Where appellant telegraph company claims that the federal law precludes recovery in an action for mental anguish arising on interstate messages, and that it is apparent on the face of the proceedings that appellee was not entitled to judgment, appeal will not be dismissed by reason of mere failure of one of the parties to brief the cause within the prescribed time; the claimed error being fundamental.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Action by Beatrice King and another against the Western Union Telegraph Company. Judgment for plaintiffs, and defendant appealed. On appellant's motion for rehearing on appellees' motion to dismiss the appeal. Motion for rehearing granted.

Hume & Hume, of Houston, and Francis R. Stark, of New York City, for appellant.

Presley K. Ewing, Guy Graham, and Ewing Werlein, all of Houston, for appellees.

GRAVES, J. [1] In granting this motion and reinstating this cause upon the docket here, it must not be understood that this court either feels called upon to or actually does in any way determine the unfortunate controversy between opposing counsel over what transpired between them concerning the preparation, presentment to each other, and the filing of briefs. It is plainly apparent that one or the other of them is mistaken, and, had it been necessary to act with reference to the matters there involved, we should have been inclined to hold the appellant not entitled to the benefit of an alleged, but disputed, oral understanding, at least tending toward a waiver of the rules for the filing of briefs. State Fair of Texas v. Cowart, 165 S. W. 1197.

[2] The moving consideration in this instance has been quite apart, and is this: It is now affirmatively made to appear upon the face of these proceedings immediately before us that the error complained of by appellant in its appeal in this case, if error at all, is one so fundamental in its nature as to challenge the consideration of this court, after having been brought to its attention, were no brief at all at hand for either party; that is, it is claimed the question of the telegraph company's liability in the precise character of the case herein presented— one for damages for mental anguish arising out of a message sent in interstate commerce—has been directly foreclosed against appellee by recent decisions of both the Supreme Court of the United States and of this court in the now reported cases of W. U. Tel. Co. v. Boegli, 251 U. S. 315, 40 S. Ct. 167, 64 L. Ed. ——; Postal Tel. Cable Co. v. Warren Godwin Co., 251 U. S. 27, 40 S. Ct. 69, 64 L. Ed. ——; W. U. Tel. Co. v. Kilgore, 220 S. W. 593. If it be true that the federal law precluding recovery in actions for mental anguish arising upon interstate messages is applicable here, then the appellee has procured a judgment below to which she is not entitled, and this court, in refusing to entertain the appeal, would be placed in the attitude of knowingly sanctioning that result.

There is but one law, and that the supreme law of the land as declared by the ultimate court of final resort within it; when that court has pronounced the substantive law upon any specific question at issue before this tribunal,

---

and through orderly procedure that fact is presented here, while our jurisdiction in the particular case still subsists, it becomes unthinkable that a mere failure of one or the other of the litigants to brief the cause in prescribed time, whatever effect under different circumstances that might have upon the privileges of the opposing party, and however zealous this court ought to be in requiring observance of its rules, should be allowed to preclude a consideration of and an adherence to the settled law as so established.

The motion to reinstate has accordingly been granted, and the cause set down for hearing upon its merits for the first submission day of the next term, in order that ample time be afforded both parties for the presentment of briefs and arguments.

Appellant's motion for rehearing upon the motion to dismiss the appeal granted.