**WESTERN UNION TELEGRAPH CO. v. KING et al.   (No. 7936.)**

(Court of Civil Appeals of Texas. Galveston. Nov. 10, 1921.)

Courts ⬥97(5)—Decision by United States Supreme Court as to liability of telegraph company held final.

The reaffirmation by the Supreme Court of the United States of decisions to the effect that damages for mental anguish alone caused by delay in delivery of interstate message are not recoverable, and that a telegraph company is not liable for damages caused while its system was operated by the government, is conclusive of those questions.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Action by Beatrice King and her husband against the Western Union Telegraph Company. Judgment for the plaintiffs, and the defendant appeals. Reversed, and judgment rendered for defendant.

See, also, 224 S. W. 318.

Hume & Hume, of Houston, and Francis R. Stark, of New York City, for appellant.

Presley K. Ewing, Guy Graham, and Ewing Werlein, all of Houston, for appellees.

PLEASANTS, C. J. This suit was brought by Beatrice King, joined by her husband, Joe C. King, against appellant to recover damages for the failure of appellant to make prompt delivery of a telegram sent to appellee informing her of the death of her sister.

This telegram was received by appellant at Carter, Okl., for transmission and delivery to appellee at Houston, Tex., on December 14, 1919.

The trial in the court below resulted in a verdict and judgment in favor of appellee for the sum of $2,900.

Appellant, under appropriate assignments, assails the judgment on the ground that appellant cannot be held liable for the damages sustained by appellee: First, because at the time said message was received and transmitted its telegraph system was in the possession and control of the government of the United States, and was being operated by the government; and, second, because, the telegram having been sent from one state into another, damages for mental anguish caused by delay in its delivery are not recoverable.

Both of these questions have been decided by this court in favor of appellant, the first in the case of Telegraph Co. v. Wallace, 235 S. W. 282, and the second in the case of Telegraph Co. v. Kilgore, 220 S. W. 593.

When the instant case was submitted in this court about a year ago, we were so impressed with the force of the argument of counsel for appellee that we felt some doubt of the soundness of the opinion in the cases cited, and certified the questions to the Supreme Court for their decision. After that certificate was sent up, the Supreme Court of the United States reaffirmed the decisions relied on by this court in the cases before referred to, and, the question being no longer an open one, with permission of our Supreme Court we have withdrawn the certificate in this case in order to save unnecessary costs and to expedite the termination of this litigation.

Appellant's assignments of error must be sustained, and the judgment of the trial court reversed, and judgment here rendered for appellant, and it has been so ordered.

Reversed and rendered.