## WESTERN UNION TELEGRAPH CO. v. BEACH.

No. 10953—Opinion Filed Jan. 2, 1923.

(Syllabus.)

1. **Commerce—Exclusive Federal Control—Interstate Telegraph Business.**

Act Cong. Feb. 4, 1887, as amended by Act June 18, 1910 (U. S. Comp. St., sec. 8563 et seq.), placing the telegraph companies with respect to interstate business, in the same class as other common carriers and making such companies liable under the federal law for dereliction of duty, supersedes all state laws on the subject.

2. **Telegraphs and Telephones — Negligence —Liability of Company During Federal Control.**

The telegraph company was being operated by the Post Master General under the control of the federal government on December 18, 1918, and action could not be maintained against the company for negligence in failing to deliver a message.

3. **Same — Delayed Delivery of Interstate Message—Damages—Mental Suffering.**

Damages for mental suffering only are not recoverable from a telegraph company on account of its delay in the delivery of an interstate telegraphic message.

4. **Judgment — Default — Validity — Defective Petition.**

A judgment by default, upon a complaint that does not contain allegations sufficient to constitute a cause of action, is void, and will be reversed on appeal.

Error from County Court, Coal County; F. W. Saunders, Judge.

Action by Mrs. W. T. Beach against the Western Union Telegraph Company for damages. Judgment for plaintiff, and defendant brings error. Reversed.

Francis R. Stark, J. G. Ralls, and Keaton, Wells & Johnston, for plaintiff in error.

COCHRAN, J. This action was commenced in the lower court of Coal county, Okla., by defendant in error for recovery from the plaintiff in error for alleged damages for disappointment, sorrow, and anguish of mind caused by the negligence of the plaintiff in error in failing to deliver a message notifying defendant in error of the death of her

daughter. The petition alleges that the message was delivered to the agent of the telegraph company at Rotan, Tex., and addressed to plaintiff at Stonewall, Okla., and alleges that the message was delivered to the company on the 18th day of December, 1918. The action was brought against the Western Union Telegraph Company, as defendant, and summons was served on L. F. Kappell, and the return states that he was the managing agent and operator of said defendant company in Coal county.

The defendant filed a special appearance and motion to quash, alleging that L. F. Kappell was not the agent of the defendant at the time of the service, and alleging that, prior to the commencement of the action, the properties of the defendant had been taken over by the Postmaster General of the United States and were being operated by him. This motion was supported by affidavits. The court overruled the motion, and the defendant was given ten days to plead, and within that time filed its motion to make more definite and certain, which motion was thereafter overruled and defendant was given ten days to plead. Defendant alleges that this motion was overruled in the absence of its attorney, and it had no knowledge of the ruling of the court until after the ten days had expired in which it was permitted to plead further, and thereafter filed its motion alleging those facts and asking permission to plead out of time. This application was denied by the trial court, and the defendant was declared to be in default. The case was then tried by the plaintiff before the court without jury, and judgment rendered in favor of the plaintiff and against the defendant for $500. Motion for a new trial was filed and was disposed of in the absence of the attorney for the defendant. but exceptions were allowed. On the same day, defendant's motion in arrest of judgment was heard and overruled, exceptions saved, and notice of appeal given, and the defendant has prosecuted the appeal to this court.

The petition alleges that the message was delivered to defendant on the 18th day of December, 1918. On that day, the telegraph company was under the control of the Postmaster General, and by reason thereof the defendant was not liable for the negligent transmission of the message. In the case of Western Union Telegraph Co. v. Wallace (Tex. Civ. App.) 235 S. W. 282, the court said:

"The telegraph company is not liable for the negligence of agents during federal control, regardless of whether the person injured has a remedy against the government.

"The joint resolution of Congress of July 16, 1918 (U. S. Comp. St. Supp. fig. 3115¾), the President's proclamation of July 24, the order of Postmaster General of August 1, 1918, and his general orders Nos. 2067 and 3380, relating to government control of the. telegraph and telephones, show conclusively that the government was in control of the system and operating it through the former agents and employes of the company in October, 1918, when plaintiff claimed to have been injured by the negligent delay in delivering the message."

For that reason, the petition did not state a cause of action against the defendant. The petition also fails to state facts sufficient to justify a judgment for the plaintiff, for the reason that it alleges that the message was sent from a point in Texas to a point in the state of Oklahoma, and was therefore an interstate message, and asks for damages for disappointment, sorrow, and anguish of mind. This court has repeatedly held that the act of Congress of June 18, 1910, c. 309, 36 Stat. 539, amending the act to regulate commerce (Act Feb. 4, 1887, c. 104, 24 Stat. 379), which placed the telegraph companies with respect to interstate business in the same class as other common carriers and made such companies liable under the federal law for dereliction of duty, supersedes all state laws on the subject. Western Union Tel. Co. v. Bank of Spencer, 53 Okla. 398, 156 Pac. 1175; Orr & Hannah v. Western Union Tel. Co., 60 Okla. 39, 158 Pac. 1139; Western Union Tel. Co. v. Kaufman, 62 Okla. 160, 162 Pac. 708.

The state laws having been superseded by the act of Congress, a recovery for mental anguish will not be permitted.

In Durre v. Western Union (Wis.) 161 N. W. 755, a portion of the syllabus is as follows:

"There can be no recovery under St. 1915, fig. 1778, subd. 5, for mental anguish arising from delay in delivering interstate telegraph messages, but the addressee's remedy is governed solely by the federal statutes."

To the same effect are the following cases: Southern Express Co. v. Byers, 240 U. S. 612; Hall v. Western Union Tel. Co. (S. C.) 94 S. E. 870; Western Union Tel. Co. v. King (Tex. Civ. App.) 235 S. W. 286.

In Lewis et al. v. Clements, 21 Okla. 167, 95 Pac. 769, the court said:

"A judgment by default, upon a complaint that does not contain allegations sufficient to constitute a cause of action, is void, and

will be reversed on appeal." Wheatland Grain & Lumber Co. et al. v. Dowden, 26 Okla. 441, 110 Pac. 898.

The judgment of the lower court is reversed, with directions that further proceedings be had in accordance with this opinion.

HARRISON, C. J., and KANE, JOHNSON, and NICHOLSON, JJ., concur.