**WESTERN UNION TELEGRAPH CO. v. JUNKER et al.**

No. 11023.

Court of Civil Appeals of Texas.
San Antonio.

June 18, 1941.

Rehearing Denied July 9, 1941.

R. E. Green, of Brownsville, Goeth, Webb & Goeth, of San Antonio, and Francis R. Stark, of New York City, for appellant.

Brown & Criss and F. W. Moran, all of Harlingen, for appellee.

NORVELL, Justice.

This is an appeal by Western Union Telegraph Company from a judgment of the District Court of Cameron County awarding Mrs. Raymond Junker a recovery of $500, as damages for delay in delivering an "unrepeated" telegram.

We have concluded that appellant's fifth assignment of error must be sustained. As that assignment controls the disposition of the case, we restrict our statement to those matters strictly applicable thereto.

The petition alleged that on the morning of July 25, 1938, Mrs. Orville Hodge, a sister of Mrs. Junker, delivered to the telegraph company at Grand Forks, North Dakota, the sum of $50, which was to be transmitted to appellee at La Feria, Cameron County, Texas, together with the following message: "Mother died today. Leaving tonight for Carthage."; and that appellee was not notified of the receipt of said money and message until the next day, although appellee lived only three blocks from appellant's office in La Feria, Texas.

Damages were claimed for two items as a result of the delay in the delivery of the telegram: $140 for additional expenses incurred in an attempt to reach Carthage, South Dakota, by automobile in time for the funeral of appellee's mother, it being alleged, in effect, that because of the shortness of time it was not feasible to attempt the trip by train after the telegram was actually received; $1,000 "by reason and in consequence" of "great disappointment, grief and mental pain and anguish" suffered by appellee as a result of her being unable to arrive at Carthage in time to attend the funeral, despite her effort to do so.

The petition was based upon the delay in delivery of an interstate telegram, and contained no allegations that appellee had sustained a physical injury as the result of such delay.

 Appellant's fifth assignment of error asserts that the trial court erred in failing to sustain a special exception to appellee's petition, wherein it was contended that said petition was insufficient to state a claim for damages as a result of mental pain and anguish suffered by appellee. In our opinion this special exception should have been sustained. By the Act of Congress of June 18, 1910, Title 49, § 1, U.S.C.A., and the Federal Communications Act of 1934, Title 47, §§ 151 to 609, inclusive, U.S.C.A., particularly §§ 201 to 221, incl. thereof, the Federal authority occupied the field of interstate telegraphic communications. It follows that "While the liability of telegraph and telephone companies for failure to perform their duty in respect of the transactions within the state is governed by state law, the liability for negligence in the field of interstate communication is regulated exclusively by the law as applied in the federal courts" (40 Tex.Jur. 514, § 99); and that " * * * liability in respect of interstate communication is regulated by the rule as administered in the federal courts; and since these courts do not allow damages for mental anguish in the absence of physical injury * * * there can be no recovery of damages for the infliction of mental anguish in respect of an interstate transaction, unless the victim can show that he also suffered a physical injury" (40 Tex.Jur. 551, § 114).

The text statements above quoted are fully sustained by the authorities. See Western Union Telegraph Company v. Kilgore, Tex.Civ.App., 220 S.W. 593; Postal Telegraph-Cable Company v. Warren-Goodwin Lumber Company, 251 U.S. 27, 40 S.Ct. 69, 64 L.Ed. 118; Western Union Tel. Co. v. Boegli, 251 U.S. 315, 40 S.Ct. 167, 64 L.Ed. 281; Western Union Tel. Co. v. King, Tex.Civ.App., 224 S.W. 318; Id., Tex.Civ.App., 235 S.W. 286; Burke v. Western Union Telegraph Co., 137 Neb. 878, 291 N.W. 555, and authorities therein cited.

 Appellee contends that the rule above stated no longer obtains by reason of the decision of the United States Supreme Court in Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487, opinion by Mr. Justice Brandeis.

We do not understand that decision as having application to the field of interstate telegraphic communications. In the case of Western Union Telegraph Company v. Esteve Bros. & Co., 256 U.S. 566, 41 S.Ct. 584, 586, 65 L.Ed. 1094, opinion also by Mr. Justice Brandeis, it was held that the Act of 1910, above mentioned, insofar as foreign and interstate communications were concerned, "introduced a new principle" (uniformity of rate and liability) "into the legal relations of the telegraph companies with their patrons," in that the Act changed the legal situation theretofore existing under which the telegraph "companies had a common law liability from which they might or might not extricate themselves according to views of policy prevailing in the several states." It can not be said that Erie Railroad Co. v. Tompkins, supra, operates to overrule this decision as well as those other cases decided by the United States Supreme Court which are hereinabove cited. See also O'Brien v. Western Union Telegraph Co., 1 Cir., 113 F.2d 539; Vaigneur v. Western Union Telegraph Co., D.C., 34 F.Supp. 92; 16 Tex.Law Review 524.

 As appellee's petition discloses a fact situation upon which a recovery for mental anguish can not be allowed, it follows that said petition failed to state a cause of action for damages within the jurisdiction of the district court. Upon authority of Western Union Telegraph Co. v. Arnold, 97 Tex. 365, 79 S.W. 8, Id., 33 Tex.Civ.App. 306, 77 S.W. 249, the judgment of the trial court is reversed and the cause remanded with instructions to the trial court to dismiss the case at the cost of appellee. Costs of appeal are adjudged

against appellee. See, also, City of Fort Worth v. Zanecetti, Tex.Com.App., 29 S. W.2d 958.

Reversed and remanded with instructions.