CENTRAL RIGGING AND CONTRACTING CORPORATION OF CONNECTICUT, a Connecticut corporation, Plaintiff,

v.

J. E. MILLER TRANSFER AND STORAGE COMPANY, a West Virginia corporation, Defendant.

Civ. A. No. 61-257.

United States District Court W. D. Pennsylvania.

Oct. 12, 1961.

Henry B. Waltz, Jr., Greensburg, Pa., for plaintiff.

Robert E. Wayman, of Dickie, Mc-Camey, Chilcote & Robinson, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

In this diversity action the defendant moved to dismiss alleging venue was improperly laid in this judicial district. Subsequently, defendant moved to quash the return of service of summons alleging defendant was not subject to service of process within the jurisdiction of this court and that it had not been properly served with process.

### Service of Process

It appears undisputed that the plaintiff is a Connecticut corporation and defendant is a West Virginia corporation. It appears from the record[1] that the defendant is a common carrier which, at least since 1948, held and still holds an Interstate Commerce Certificate granting

1. Deposition of defendant's Comptroller and exhibits.

authority to conduct an interstate transportation business in West Virginia, Ohio, and Pennsylvania. The cause of action arose in West Virginia or Maryland, or perhaps in both states.

In compliance with Part II of the Interstate Commerce Act, § 221(c) (§ 321(c), 49 U.S.C.A.), the defendant designated a person in Pennsylvania "upon whom process issued by or under the authority of *any court* having jurisdiction of the subject matter may be served in *any proceeding* at law or equity brought against such carrier." (Emphasis supplied.) Since August, 1957, that person is Harold M. Werner, 1917 Brownsville Road, Pittsburgh, Pennsylvania, upon whom process was served in this action.

Plaintiff in an amended complaint alleged that defendant was at all pertinent times doing business in Western Pennsylvania. By answer filed, the defendant denied that it was doing business in Pennsylvania. The evidence submitted indicates to me (although it was not as sharp and clear as it might have been) that the defendant has done business in Pennsylvania as an interstate carrier. However, since we think the fact of "doing business in Pennsylvania" is not an essential element to the disposition of the motions, a discussion of the evidence in this respect is unnecessary. Sansbury v. Schwartz, D.C.D.C.1941, 41 F.Supp. 302.

In Sansbury the plaintiff and defendant were, respectively, residents of Maryland and Delaware. The cause of action arose in Delaware. The suit was brought in the District of Columbia where the defendant, an interstate carrier, had appointed an agent pursuant to § 221(c), supra. The Court held that service on the agent in the District of Columbia was valid. The element of doing business in the District was ignored. This case is in point with the case at bar. See also, Esperti v. Cardinale Trucking Corp., 263 App.Div. 46, 31 N.Y.S.2d 253, in which the cause of action arose in New Jersey,

suit was brought in New York; State ex rel. Blackledge v. Latourette, 186 Or. 84, 205 P.2d 849, 8 A.L.R.2d 803, in which the cause of action arose in the State of Washington, the suit was brought in Oregon, the litigants were residents of Washington; Restatement, Conflict of Laws § 90.

■ The action is a transitory one, and defendant may be sued in any court to whose jurisdiction it can be subjected by personal process.[2] We hold that the shipper-plaintiff may bring its action in the Pennsylvania courts and serve process on defendant's Pennsylvania agent appointed by defendant for that purpose. See cases cited supra. Section 221(c) provides for service on the agent "*in any proceeding * * ** against such carrier" which provision is probably limited to an action which grew out of or was related to defendant's interstate activities.

■ It is alleged in the complaint that at various times in May, 1960, plaintiff delivered to defendant at Paden City, West Virginia, certain machinery for delivery by defendant as a common carrier to Martinsburg, West Virginia, which machinery the defendant agreed to transport and deliver in a good and undamaged condition, but the defendant failed to perform its contract and delivered the machinery in a damaged condition causing plaintiff a loss of $19,459.94.

The record discloses that although the points of origin and destination for the delivery of the plaintiff's property were in West Virginia, in transporting it, defendant's trucks also traversed roads in Maryland.

It has been held that when the points of origin and destination are within the same state, if during the course of transportation the property passes out of the state, such an operation is interstate commerce. I agree. St. Louis & S. F. R. Co. v. State, 87 Ark. 562, 113 S.W. 203; see also, Western Union Tel. Co. v. Kaufman, 62 Okl. 160, 162 P. 708; Western

---

2. Dennick v. Railroad Co., 103 U.S. 11, 17, 26 L.Ed. 439.

Union Tel. Co. v. Bolling, 120 Va. 413, 91 S.E. 154.

### Venue

 It appears that the defendant was licensed, i. e., held a certificate of authority issued by the Interstate Commerce Commission to do interstate business in this Pennsylvania judicial district. Pursuant to the literal terms of § 1391(c), Title 28 U.S.C.A.,[3] this judicial district shall be regarded as defendant corporation's residence for venue purposes, and, therefore, venue is properly laid.

 In addition, by the appointment of an agent in Pennsylvania to receive process, the defendant consented to be sued in Pennsylvania in matters arising out of or relating to its activities in interstate commerce, and, hence, has waived the venue provisions of § 1391(c). Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167. See also, Shapiro v. Southeastern Greyhound Lines, 6 Cir., 1946, 155 F.2d 135, in which the cause of action arose in Georgia, the suit was brought in Ohio; Scott v. Southeastern Greyhound Lines, D.C.N.D.Ohio W.D.1945, 5 F.R.D. 11, in which the cause of action arose in Kentucky, the suit was brought in Ohio; Wynne v. Queen City Coach Co., D.C.D.J.1943, 49 F.Supp. 103, in which the cause of action arose in Tennessee, the suit was brought in New Jersey. In none of the lower court cases cited did the cause of action arise in the state where suit was brought. In none was the element of "doing business" in such state considered essential or controlling. Davies v. Mahanes, 4 Cir., 1950, 183 F.2d 671, relied on by defendant, is not apposite because in that case, between two individuals, the cause of action grew out of a purely intrastate operation.

Being of the opinion that the service of process was valid and that venue is properly laid in this district, an appropriate order will be entered denying defendant's motions.

---

3. § 1391(c) provides:

"A corporation may be sued in any judicial district in which it is incorporated or licensed to do business * * *

and such judicial district shall be regarded as the residence of such corporation for venue purposes."