## SANSBURY v. SCHWARTZ.

### Civil Action No. 9995.

District Court of the United States for the District of Columbia.

July 5, 1941.

Andrew J. McGarraghy, of Washington, D.C., for plaintiff.

Leonard J. Ganse and Carl F. Bauersfeld, both of Washington, D.C., for defendant.

MORRIS, Justice.

The plaintiff, a resident of Forestville, Maryland, brings this action against the defendant, a motor carrier of Dover, Delaware, engaged in and licensed as an interstate motor carrier under the provisions of the Motor Carrier Act of 1935, U.S.C.A. Title 49, Chapter 8, Sections 301–327. The plaintiff seeks damages for injuries alleged to have occurred through the negligent operation of a certain motor truck owned by the defendant and operated by his agent on a certain highway in the State of Delaware. Service in this action was had upon the defendant by serving one V. A. Nichols, in the District of Columbia, as statutory agent, designated by the defendant pursuant to the provisions of Section 321(c), which provides as follows: "Every motor carrier shall also file with the board of each State in which it operates a designation in writing of the name and post-office address of a person in such State upon whom process issued by or under the authority of any court having jurisdiction of the subject

matter may be served in any proceeding at law or equity brought against such carrier. Such designation may from time to time be changed by like writing similarly filed. In the event such carrier fails to file such designation, service may be made upon any agent of such motor carrier within such State." The defendant, having specially appeared, has moved to quash such service, and has also moved to dismiss the complaint.

The principal challenge is that service of process upon the agent designated pursuant to the provisions of the Motor Carrier Act does not give jurisdiction to this Court in this case. It is urged that the provision for the appointment of an agent upon whom process may be made contravenes the due process clauses of the Fifth and Fourteenth Amendments in that no provision is made for such agent to communicate such process to the principal. This contention is based upon decisions holding certain state statutes to be thus defective where service upon foreign corporations was attempted to be made by process upon state officers designated in the statute. The reason for the rule there does not seem to apply here.

It is further urged that such designation of a process agent in the different States through which the motor carrier operates was not intended to give to the courts of any of such jurisdictions the power to adjudicate controversies, unless the injury complained of occurred within such jurisdiction. It has been repeatedly held by the Supreme Court that, where the requirement for the designation of a process agent is by a state statute, the implication is that such agency does not reach beyond matters which arise in that jurisdiction. It has also been held that a State cannot require a foreign corporation to submit itself to the jurisdiction of the courts of such State where it is engaged only in the solicitation of interstate business, and not otherwise engaged in business in such State. To hold otherwise, it is authoritatively said, would be offensive to the commerce clause of the Constitution, art. 1, § 8, cl. 3. But that has no application here, for the statute under consideration is an Act of Congress, which has plenary power to regulate interstate commerce. It has been held by the Supreme Court that a State cannot require an individual or partnership to designate an agent upon whom process can be made as a condition precedent for such individual or individuals to do business within the State, a power which is not questioned with respect to corporations. That, also, however, is not authority for the contention here made, as Congress can regulate motor carriers engaged in interstate commerce whether they be corporations or individuals. And that is precisely what the Congress has done in the Motor Carrier Act. Placing such carriers under the supervision and control of the Interstate Commerce Commission, it has in large measure assimilated them to interstate rail carriers, and has undertaken to integrate them with the national transportation system for purposes of control and regulation. It would appear from the terms of the Act in question that such motor carriers are treated as if physically present in each of the States through which they are licensed to operate, and, although they may not have physical property and station agents at all times within each jurisdiction, they are, for the purpose of answering process of the courts of such jurisdiction, legally to be found therein and inhabitants thereof. The cause of action here asserted is a transitory action, and one which a court of general jurisdiction may entertain wherever the defendant may be found.

The question here presented is not whether this Court in its discretion may for good reasons decline to exercise jurisdiction in this cause. Many courts have held that such a discretion exists with respect to transitory tort actions not arising within the territorial jurisdiction of the Court when asserted by parties not residents of such territorial jurisdiction. With a crowded docket, it has been said that courts owe a duty to the residents of their own communities not to further burden themselves with the controversies of other litigants. On the contrary, it is recognized that an important service by the courts to the residents of their jurisdiction is to so operate that, when occasion requires, they will be permitted to assert rights in other courts as well as their own. The question here presented is whether or not this Court is without power to exercise such jurisdiction. It has been repeatedly held that this Court does have jurisdiction concerning tort actions arising in other States where the defendant can be found within the District of Columbia.

It is complained in the motion to quash that the return of service is defective in that it appears to have been written by

some one other than the marshal or deputy marshal who effected service. This practice, employed for a great length of time for the clerical convenience of the marshal's office, does not of itself invalidate the service of the process, but at most only the return, which may be amended.

For the reasons stated, the motion to quash will be denied.

The motion to dismiss the complaint will also be denied, as the failure to comply with Rule 46 of the Rules of this Court has now been remedied, and more particularity of the statement of the claim can be obtained by appropriate motions or, other procedures for discovery.