### WYNNE v. QUEEN CITY COACH CO.

No. 2356.

District Court, D. New Jersey.

Jan. 25, 1943.

Frankel & Frankel, of Paterson, N. J. (Leopold Frankel, of Paterson, N. J., of counsel), for plaintiff.

Carpenter, Gilmour & Dwyer, of Jersey City, N. J. (James P. Beggans, of Jersey City, N. J., of counsel), for defendant.

SMITH, District Judge.

This action, which was removed from the New Jersey Supreme Court to this court on the petition of the defendant, is before the court at this time on the motion of the defendant to quash the service of process and dismiss the complaint. The jurisdiction of the court is challenged on the ground that the service of process was illegal.

The plaintiff, a resident and citizen of the State of New Jersey, brought this action against the defendant, a resident and citizen of the State of North Carolina, to recover for personal injuries alleged to have been sustained as the result of an accident which occurred in the State of Tennessee. The defendant is, and was at the time of the accident, a motor carrier engaged in interstate operations under a certificate of authority issued by the Interstate Commerce Commission pursuant to part II of the Interstate Commerce Act, 49 U.S.C.A. § 301, et seq. The defendant, as required

104

by section 221(c) of the said Act,[1] 49 U.S. C.A. § 321(c), designated one Louis Gerber, of Trenton, New Jersey, as its agent for the service of process upon it. The summons and complaint, the service of which is here contested, were duly served upon the said designee.

When the said Act is read and considered in its entirety, it is clear that the issuance of the certificate of authority, as well as the right of the motor carrier to engage in interstate operations thereunder, is conditioned upon compliance with the statutory requirements. These include, as hereinabove stated, the designation by the motor carrier of an agent for the service of process upon it in each of the states in which it is authorized to operate. The designation of the statutory agent is a waiver of the privilege accorded the defendant under Section 51 of the Judicial Code, as amended, 28 U.S.C.A. § 112, and a consent to be sued in each of the states in which the required designation is filed. Neirbo Co. et al. v. Bethlehem Ship-Building Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437; Dehne v. Hillman Inv. Co., 110 F.2d 456. It is urged by the defendant, however, that the statute is not applicable where, as here, the cause of action arose without the territorial jurisdiction of the court. The language of the statute is unambiguous and, in the opinion of the Court, is not susceptible of such a narrow construction. Sansbury v. Schwartz, D.C., 41 F.Supp. 302. But cf. Madden v. Truckaway Corp., D.C. 46 F. Supp. 702.

It is the further contention of the defendant that the exercise of jurisdiction would contravene the commerce clause of the Constitution, art. 1, § 8, cl. 3. The contention is untenable. The power of Congress to regulate interstate commerce is not open to question. The cases upon which the defendant primarily relies, to wit, Davis v. Farmers Cooperative Co., 262 U.S. 312, 313, 43 S.Ct. 556, 67 L.Ed. 996, and Atchison, T. & S. F. R. Co. v. Wells, et al., 265 U.S. 101, 44 S.Ct. 469, 68 L.Ed. 928, are not pertinent. In the said cases the

Supreme Court declared invalid statutes under which the states vested in their courts extra territorial jurisdiction. It should be noted that in those cases the defendants who challenged the jurisdiction of the courts neither designated agents for the service of process nor consented to be sued.

The motion to quash the service of process and dismiss the complaint is denied.

---

1 "(c) Designation of agent for service of process. Every motor carrier shall also file with the board of each State in which it operates a designation in writing of the name and post-office address of a person in such State upon whom process issued by or under the authority of any court having jurisdiction of the subject matter may be served in any proceeding at law or equity brought against such carrier. Such designation may from time to time be changed by like writing similarly filed. In the event such carrier fails to file such designation, service may be made upon any agent of such motor carrier within such State."