**LEE v. ACME FREIGHT LINES, Inc.**

Civil Action No. 275.

District Court, S. D. Georgia, Savannah Division.

Feb. 25, 1944.

Laura H. Hyde, of Jacksonville, Fla., for plaintiff.

Adair, Kent, Ashby & McNatt, of Jacksonville, Fla., and Connert, Hunter & Cubbedge, of Savannah, Ga., for defendant.

LOVETT, District Judge.

This is a suit to recover overtime compensation, liquidated damages, etc., under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. The defendant has appeared and moved to dismiss the complaint on the ground that the venue is improperly laid in this district, and it is not subject to suit here.

The issues of law have been argued and briefs have been submitted and considered.

It appears from the amended complaint that the defendant, a motor carrier, is a corporation created and organized under the laws of Florida. It was admitted on the oral argument that the plaintiff is not a citizen of Georgia (a Louisiana citizen I believe) and that neither the employment of plaintiff took place, nor was his work or labor for defendant performed, in this district. The amount sued for is less than $3,000. Service of the complaint was made on the "Terminal Manager" of defendant

in the district, Ga.Code, Sec. 22-1101, although it had named another who resided in a different district in Georgia as its statutory agent for service under the state, and perhaps under the federal, statutes regulating motor carriers. See Ga.Code, Sec. 68-618; 49 U.S.C.A. § 321(c). The defendant operated a line of trucks in this district and elsewhere in the state of Georgia, both intra and inter-state.

Jurisdiction, as distinguished from venue, is dependent upon the action arising under a law regulating commerce. 28 U.S.C.A. § 41(8). See Mulford v. Smith, 307 U.S. 38, 46, 59 S.Ct. 648, 83 L.Ed. 1092; Williams v. Jacksonville Terminal Co., 315 U.S. 386, 390, 62 S.Ct. 659, 86 L.Ed. 914; Robertson v. Argus Hosiery Mills, 6 Cir., 121 F.2d 285, 286; Brantley v. Augusta Ice & Coal Co., D.C., 52 F.Supp. 158, 160. It can not be maintained under 28 U.S.C.A. § 41(1) as a suit arising under the Constitution and laws of the United States, as the necessary jurisdictional amount is not involved and no federal question is presented. Gully v. First. Nat. Bank, 299 U.S. 109, 112-116, 57 S.Ct. 96, 81 L.Ed. 70. There is no diversity of citizenship of the parties; at least, neither is an inhabitant or resident of Georgia.

Except in cases where jurisdiction is founded only on the fact that the action is between citizens of different states, and in certain other excepted cases not relevant here, section 51 of the Judicial Code, 28 U.S.C.A. § 112, requires civil suits to be brought in the district whereof the defendant is an inhabitant. While it has generally been recognized that the provisions of this section are not a deprivation of jurisdiction, but merely establish a privilege as to the place where one may be sued and that the privilege may be waived, before the decision in Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, it had not been the rule in this district that the mere designation by a foreign corporation of a statutory agent within a state as a condition of doing business within it constituted a waiver of the privilege and amounted to an effective consent to be sued in the federal courts of the state. McLean v. Mississippi, 5 Cir., 96 F.2d 741, 743, 119 A.L.R. 670. In the Neirbo case the suit was based on diversity of citizenship but was not brought in the district of the residence of either the plaintiff or defendant. 28 U.S.C.A. § 112. Though it does not clearly appear from the reported decision of the Supreme Court of the United States, the decision of the court below shows the suit was originally begun against a corporation within the venue and the foreign corporation was added as a party defendant; and it is inferable that the contract against which relief was sought was made and was to be (or had been) performed there; certain it is the subject matter of the contract, the res, or a substantial part of it, was there permanently located. See Neirbo Co. v. Bethlehem Shipbuilding Corp., 2 Cir., 103 F.2d 765, 766. No question of inconvenience to parties of a local trial seems to have been raised or considered.

Shall the rule of the Neirbo case be extended to the facts shown in the case at bar? I think not. A foreign corporation which appoints a statutory agent under a law requiring it as a condition of doing business in a state will be presumed to consent to suit in the local courts, state and federal, and to service upon that agent to bring it before the court, in matters relating to the business done in that state. But here the statutory agent was not served; here the cause of action is not shown to have arisen in the state of Georgia at all, but if it did in part it was in a different district. The plaintiff was a rate clerk, but was not originally employed and never served in this district. The convenience of the parties, their witnesses, their records, all being elsewhere, suggest that a better forum is either in Florida, or in the Northern District of Georgia where the defendant's statutory agent resides and where, perhaps (this is not clear), the plaintiff may have been engaged or worked for some of the period of time in controversy in this case.

No court, so far as I am aware, or search of counsel has revealed, has gone as far as I am now asked to go in retaining this case for trial. McMaster v. Texas Gulf Producing Co., D.C., 44 F.Supp. 672, strongly relied on by plaintiff is not in point, for there the statutory agent served resided in the district as did also the plaintiff. I think it also fair to assume from Judge Kennerly's opinion that the service for which plaintiff sued was performed in the district.

It is not without precedent that a citizen of a foreign state seeks relief in the courts of Georgia against another citizen of his own or a different state (not Georgia) on a transitory cause of action

arising out of, and unrelated to the business done in, this state; sometimes, because a limitation statute here may be more favorable and sometimes because he has lost his case in his own state and has an appeal pending. The state courts have laid down the rule that jurisdiction will not be entertained unless the defendant voluntarily consents. Louisiana State Rice Milling Co. v. Mente & Co., 173 Ga. 1, 9, 159 S.E. 497. I agree with the state courts. And I can not find that the mere appointment of a statutory agent for service of process, residing in another district and who has not been served, constitutes a voluntary consent by the defendant to be sued in this district on a claim of the nature here considered.

Let an order of dismissal be presented.