### SHAPIRO v. SOUTHEASTERN GREYHOUND LINES.

#### No. 10128.

Circuit Court of Appeals, Sixth Circuit.

April 17, 1946.

William J. Rielly, of Cincinnati, Ohio (Lewis L. Root, of Chicago, Ill., and Wm. J. Rielly, of Cincinnati, Ohio, on the brief), for appellant.

William H. Fry, of Cincinnati, Ohio (Rendigs & Fry, of Cincinnati, Ohio, on the brief), for appellee.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from an order of the District Court quashing service of summons on the ground that the venue of the cause of action is improperly laid in the district. The appellee, a corporation organized under the laws of Kentucky, operates an interstate motorbus service between Florida and Cincinnati, Ohio. The appellant, a citizen of Illinois, filed an action in the District Court of the Southern District of Ohio, based upon diversity of citizenship, to recover for injuries alleged to have been sustained by her in Georgia as a passenger on appellee's bus from Jacksonville, Florida, to Cincinnati, Ohio.

Under § 221(c) of the Motor Carriers Act of 1935, 49 U.S.C. § 321(c), 49 U.S.C.A. § 321(c), the appellee had designated an agent upon whom process issued by any court might be served in the State of Ohio, and service upon such agent was duly secured.

Appellee contends that under § 51 of the Judicial Code, 28 U.S.C. § 112, 28 U.S.C.A. § 112, since the jurisdiction of the federal court is founded upon diversity of citizenship, suit could only be brought either in Kentucky, the residence of the appellee, or Illinois, the residence of the appellant. Its motion to quash service was sustained, presumably upon that ground.

We think this decision was erroneous within the principles set forth by the Supreme Court in Neirbo Co. v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437. The court in that case held that a foreign corporation which has designated a local agent for the service of process in compliance with the statutory condition imposed upon its admission to do business in the state thereby surrenders as to suits in the federal courts sitting in that state the privilege conferred by § 51 of the Judicial Code that where jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought in the district of the residence of either the plaintiff or defendant. The Neirbo Co. case was approved and relied upon in Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 308 U.S. 530, 309 U.S. 4, 60 S.Ct. 212, 84 L.Ed. 447, and Mississippi Publishing Corporation v. Murphree, 66 S.Ct. 242, decided January 2, 1946.

The appellee contends that the Neirbo Co. case is not controlling because the statutes are not identical, in effect urging that the Motor Carriers Act does not impose the duty of designation of a person to receive process as a condition of operation in interstate commerce. We think that there is no essential difference, so far as this case is concerned, between the requirements of the two statutes. The Motor Carriers Act [§ 302(a)] which applies "to the transportation of passengers or property by motor carriers engaged in interstate or foreign commerce" requires every motor carrier to file with the board of each state in which it operates the designation of the name and post office address of a person to be served with process in any proceeding at law or in equity brought against the carrier. § 321 (c). Service upon an agent so designated in conformity with a valid state statute constitutes consent to be sued. Ex parte Schollenberger, 96 U.S. 369, 24 L.Ed. 853; Neirbo Co. v. Bethlehem Shipbuilding Corporation, supra, 308 U.S. at page 170, 60 S.Ct. at page 156. The fact that the consent was given under a valid federal statute rather than under a state statute does not detract from the force and legal effect of that consent. As declared in Ex parte Schollenberger, 96 U.S. at page 378, 24 L.Ed. 853: "If the citizenship of the parties is sufficient, a defendant may consent to be sued anywhere he pleases, and certainly jurisdiction will not be ousted because he has consented. Here, the defendant companies have provided that they can be found in a district other than that in which they reside, if a particular mode of proceeding is adopted, and they have been so found. In our opinion, therefore, the Circuit Court has jurisdiction of the causes * * *."

Nor does the difference in the methods of doing business by the carrier in the

Neirbo Co. case, supra, and in the instant case, constitute a valid differentiation. The appellee operates in the State of Ohio, having a bus terminal in Cincinnati, where it makes contracts, solicits business, sells tickets and performs all of the services incident to the transportation of passengers. This constitutes interstate commerce, and the quantum of the service is not material. While under § 51 of the Judicial Code the appellee has a right to object to the jurisdiction, this right is personal and may be waived. In the Neirbo Co. case the Supreme Court held that the same privilege was waived by the designation of a person to receive service of process.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.