### EASTMAN KODAK CO. v. BOYCE MOTOR LINES, Inc.

District Court, S. D. New York.
Nov. 10, 1947.

Bigham, Englar, Jones & Houston, of New York City (John M. Aherne, of New York City, of counsel), for plaintiff.

Edmund Clynes, of Rochester, N. Y., for defendant.

LEIBELL, District Judge.

On August 8, 1947, the plaintiff filed a complaint in the District Court for the Southern District of New York, alleging that the plaintiff is a corporation organized under the laws of the State of New Jersey, duly authorized to do business in the State of New York; that the defendant is a corporation organized under the laws of the State of New York and is engaged in the business of common carrier by motor vehicle in interstate commerce between certain points and places including the cities of Rochester, N. Y., and New York, N. Y.; and that the defendant is duly certificated by the Motor Carriers Bureau of the Interstate Commerce Commission. Jurisdiction is based on diversity of citizenship. This is not an action under the Motor Carriers Act, 49 U.S.C.A. § 301 et seq. The claim for relief asserts that the defendant breached a contract of carriage of goods; that the shipment was a total loss; that the property had a value of $144,651 of which sum the plaintiff caused to be paid $47,235.

13; that there was salvage of $8,936.83; and that plaintiff's unpaid damage is $88,479.85 for which judgment is sought together with interest from October 31, 1946, the date of the loss.

Service of process upon the defendant was attempted in the following manner. On August 8, 1947, a summons was issued by the Clerk of this Court (Southern District of New York); service of that process was made in the Northern District of New York, by the United States Marshal of that district, upon the Secretary of State of the State of New York at Albany, New York. On August 19, 1947, the summons and complaint were received by the defendant corporation by registered mail addressed to Lester C. Boyce, 800 Main Street, Canandaigua, New York, together with a letter of transmittal from the New York Secretary of State stating that the complaint had been served on the Secretary of State pursuant to Section 25 of the New York Stock Corporation Law, Consol.Laws, c. 59. It appears that plaintiff does not now rely on that service.

On September 15, 1947, the defendant served the attorneys for the plaintiff with a notice of motion to dismiss the complaint on the grounds that the venue was improperly laid and that the service of process on the Secretary of State pursuant to Sec. 25 of the New York Stock Corporation Law was void.

Thereafter on September 18, 1947, an "additional summons" dated August 8, 1947, was issued by the Clerk of this Court (Southern District of New York) and service thereof was effected by the United States Marshal in the Western District of New York by leaving a copy thereof with Lester C. Boyce at the defendant's offices at Canandaigua, New York. This service was made under § 221(c) of the Interstate Commerce Act (Motor Carriers), 49 U.S.C.A. § 321(c).[1]

Defendant's motion came on for a hearing on October 7, 1947. The affidavits submitted show that the defendant, Boyce Motor Lines, Inc., maintains its principal office in Canandaigua, New York, within the Western District of New York, that it has no office, agent or terminal in New York City within the Southern District of New York, and that it is authorized by the Interstate Commerce Commission to operate between Buffalo, N. Y., and New York City via Rochester, Canandaigua and Binghamton, N. Y., and Jersey City, N. J. Sec. 203(a) (10) of the Interstate Commerce Act (Motor Carriers). The shipment that was lost was to have followed that route; it was an interstate shipment. It also appears that the Boyce Motor Lines, Inc., in compliance with Sec. 221(c) of the Act filed a designation in writing of the name and post-office address of a person in New York State upon whom process could be served, viz., Lester C. Boyce, 800 Main Street, Canandaigua, New York.

Under the provisions of Section 51 of the Judicial Code, 28 U.S.C.A. § 112,[2]

---

[1] "(c) Designation of agent for service of process. Every motor carrier shall also file with the board of each State in which it operates a designation in writing of the name and post-office address of a person in such State upon whom process issued by or under the authority of any court having jurisdiction of the subject matter may be served in any proceeding at law or equity brought against such carrier. Such designation may from time to time be changed by like writing similarly filed. In the event such carrier fails to file such designation, service may be made upon any agent of such motor carrier within such State."

[2] "§ 112. (Judicial Code, section 51.) Civil suits; arrests in; district where brought; suits by corporate stockholders
"Except as provided in sections 113–117 of this title, no person shall be arrested in one district for trial in another, in any civil action before a district court; and, except as provided in sections 113–118 of this title, no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant; except that suit by a stockholder on behalf of a corporation may be brought in any district in which suit against the defendant or defendants in said stockholders' action, other than said corporation, might have been brought by such corporation and process in such cases may be served upon such corporation in any district.

the venue of an action, where jurisdiction is founded only on diversity of citizenship, may be laid in the district of the residence of either the plaintiff or the defendant. The residence of a domestic corporation for the purposes of Sec. 51 is the district wherein it has its headquarters or its principal place of business, and not any other district wherein it may have an officer or do business. In Galveston, H. & S. A. Railway Co. v. Gonzales, 151 U.S. 496, 503, 14 S.Ct. 401, 404, 38 L.Ed. 248, after setting forth the decisions previously made by the Court, Mr. Justice Brown stated:

"These cases must be regarded as establishing the doctrine that a domestic corporation is both a citizen and an inhabitant of the state in which it is incorporated; but in none of them is there any intimation that, where a state is divided into two districts, a corporation shall be treated as an inhabitant of every district of such state, or of every district in which it does business, or, indeed, of any district other than that in which it has its headquarters, or such offices as answer in the case of a corporation to the dwelling of an individual. * * *"

"In the case of a corporation, the question of inhabitancy must be determined, not by the residence of any particular officer, but by the principal offices of the corporation, where its books are kept and its *corporate* business is transacted, even though it may transact its most important business in another place. It is but a corollary of the proposition laid down in the three cases above referred to [3] that, if the corporation be created by the laws of a state in which there are two judicial districts, it should be considered an inhabitant of that district in which its general offices are situated, and in which its general business, as distinguished from its local business, is done."

See also Firestone Tire & Rubber Co. v. Vehicle Equipment Co., C.C.N.Y.1907, 155 F. 676; London v. Norfolk & W. R. Co., 4 Cir., 1940, 111 F.2d 127.

■ This immunity from suit in a district other than the residence of the plaintiff or the defendant under Sec. 51 of the Judicial Code is a personal privilege which may be waived or surrendered by failure to seasonably assert it, by formal submission to the venue, or by an affirmative consent to be so sued. In the case of a foreign corporation such consent may be given by filing a designation of a person within the state upon whom service of process may be made. Neirbo v. Bethlehem Corporation, 308 U.S. 165, 60 S.Ct. 153, 84 L. Ed. 167, 128 A.L.R. 1437; Mississippi Pub. Corporation v. Murphree, 1946, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185. In Moss v. Atlantic Coast Line R. Co., 1945, 149 F.2d 701, the Circuit Court of Appeals for the Second Circuit interpreted the holding in the Neirbo case as follows:

"* * * the Supreme Court held, that, when a foreign corporation had in another state given a consent to be sued, it became a 'resident' within § 112."

■ The plaintiff contends that the filing of a consent or designation by the defendant, a New York corporation, in conformity with Sec. 221(c) of the Interstate Commerce Act (Motor Carriers), constituted a waiver of its privilege as to venue within Sec. 52 of the Judicial Code, 28 U.S.C.A. § 113,[4] and was a consent to be sued in any district of the State.

---

wherein such corporation resides or may be found. Mar. 3, 1911, c. 231, § 51, 36 Stat. 1101; Sept. 19, 1922, c. 345, 42 Stat. 849; Mar. 4, 1925, c. 526, § 1, 43 Stat. 1264; Apr. 16, 1936, c. 230, 49 Stat. 1213."

[3] Shaw v. Quincy Mining Co., 145 U.S. 444, 12 S.Ct. 935, 36 L.Ed. 768; Southern Pacific Co. v. Denton, 146 U.S. 202, 13 S.Ct. 44, 36 L.Ed. 942; Case of Hohorst, 150 U.S. 653, 14 S.Ct. 221, 37 L. Ed. 1211.

[4] "§ 113. (Judicial Code, Section 52.) Suits in States containing more than one district. When a State contains more than one district, every suit not of a local nature, in the district court thereof, against a single defendant, inhabitant of such State, must be brought in the district where he resides; but if there are two or more defendants, residing in different districts of the State, it may be brought in either district, and a duplicate writ may be issued against the defendants, directed to the marshal of any other district in which any defendant resides. The clerk issuing the duplicate writ shall indorse thereon that it is a true copy of a writ sued out of the court of the proper district; and

The word "also" has some significance in § 221(c) of the Interstate Commerce Act (Motor Carriers). It seems to relate back to § 221(a), which contains a provision for the designation by the carrier of an agent on whom notices and orders of the Interstate Commerce Commission may be served.

The effect of compliance with Section 221(c) by a foreign corporation would be the same as compliance with a state statute containing similar provisions and it would constitute a waiver by the foreign corporation of the venue provisions of Section 51 of the Judicial Code, so that the foreign corporation would in effect become a "resident" of the state (Neirbo v. Bethlehem Corporation, supra; Moss v. Atlantic Coast Line R. Co., supra) and would consent to be sued in the courts, federal or state, of the state in which it filed the designation. Shapiro v. Southeastern Greyhound Lines, 6 Cir., 1941, 155 F.2d 135. A foreign corporation filing such a designation under a State statute would "consent to suits brought in conformity to the federal regulations governing jurisdiction, venue and procedure of those courts." Mississippi Pub. Corporation v. Murphree, supra, 326 U.S. at page 444, 66 S.Ct. at page 245, 90 L.Ed. 185.

The facts in the instant case pose a different problem. The defendant corporation, unlike any of the corporations involved in the above cited cases, is a domestic corporation organized under the laws of the State of New York and obviously subject to the jurisdiction of the courts of that State as a resident, citizen or inhabitant thereof, and to the jurisdiction of the federal courts in diversity cases, regardless of whether it has filed a designation under Sec. 221(c) or not. A filing of a designation in such case would not change or af- fect defendant's status as an inhabitant of this State; and it should not be construed as a waiver of the provisions of Secs. 51 and 52 of the Judicial Code. Those sections can be given effect together with Sec. 221(c) of the Interstate Commerce Act (Motor Carriers). Thus construing Sec. 221(c), in the case of a defendant domestic corporation, will "not conflict with the statute fixing venue and jurisdiction of the district courts." Mississippi Pub. Corporation v. Murphree, supra, 326 U.S. at page 445, 66 S.Ct. at page 246, 90 L.Ed. 185.

The designation of an agent under Sec. 221(c) merely facilitates the service of process in the case of a defendant domestic corporation. The defendant domestic corporation does not waive its privilege of being free from any suit by a nonresident in a district other than that in which defendant has its principal place of business or headquarters, which in this case is also the district of the residence of the agent designated for the service of process, pursuant to Sec. 221(c).

The designation of an agent for the service of process under Sec. 221(c) in the case of a defendant domestic corporation only assists in bringing the defendant before the Court and does not affect the venue provisions of Secs. 51 and 52 of the Judicial Code. The venue in the case at bar must be tested by the ordinary rules applicable to a resident corporation sued by a nonresident. Under the provisions of Secs. 51 and 52 of the Judicial Code, the proper venue of this action is in the Western District of New York, the district in which the defendant, a domestic corporation, has its principal place of business.

The motion to dismiss for lack of proper venue is therefore granted.

Settle order accordingly.

such original and duplicate writs, when executed and returned into the office from which they issue, shall constitute and be proceeded on as one suit; and upon any judgment or decree rendered therein, ex- ecution may be issued, directed to the marshal of any district in the same State. (R.S. § 740; Mar. 3, 1881, c. 144, § 2, 21 Stat. 507; Mar. 3, 1911, c. 231, § 52, 36 Stat. 1101.)"