## DAVIES v. MAHANES.

### Civ. A. No. 4134.

United States District Court
D. Maryland.

Dec. 19, 1949.

Charles Ruzicka, Baltimore, Md., W. Randolph Tucker, Baltimore, Md., and Cook, Ruzicka, Veazey & Gans, Baltimore, Md., for plaintiff.

Roszel C. Thomsen, Baltimore, Md., Jack L. Medwedeff, Baltimore, Md., and Clark, Thomsen & Smith, Baltimore, Md., for defendant.

CHESNUT, District Judge.

The defendant has moved to dismiss on the ground of improper venue jurisdiction.

The plaintiff seeks to recover damages for personal injuries in an automobile collision which occurred in the State of Virginia while the defendant's automobile or truck was engaged in intrastate transportation, although the defendant was also generally engaged in business as an interstate motor carrier authorized by the Interstate Commerce Commission to do interstate transportation business in Virginia, Maryland and other States.

The plaintiff is a citizen of the State of Kansas and the defendant is an individual citizen and resident of the State of Virginia. Therefore neither plaintiff nor defendant is a resident of the District of Maryland. The complaint expressly bases the jurisdiction in this case on diverse citizenship alone.

The Judicial Code, 28 U.S.C.A. § 1391 (a) provides as follows:

"A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

Clearly this statutory provision limiting the venue jurisdiction is applicable here unless, as the plaintiff contends, the limitation in this general venue statute has been in effect changed for this case by a certain section of the Motor Carrier Act, 49 U.S.C.A. § 321(c) which provides:

"Every motor carrier shall also file with the board of each State in which it operates a designation in writing of the name and post-office address of a person in such State upon whom process issued by or under the authority of any court having jurisdiction of the subject matter may be served in any proceeding at law or equity brought against such carrier." The defendant did appoint such an agent upon whom process was served in this case, and the plaintiff now contends that that service is effective to give this court jurisdiction against the consent of the defendant.

After hearing and considering the oral and written arguments of counsel, I conclude that section 321(c) just quoted does not have the legal effect contended for by the plaintiff. In the first place, it will be noted that the statute only provides that service on the designated State agent is effective when process has been issued by or under authority of any court having jurisdiction of the subject matter. I take it the term "subject matter" is used in this particular statute not with reference only to the nature of the claim involved but also to the jurisdiction of the federal court as provided in the general venue statute. That is to say, the statutory expression "by or under the authority of any court having jurisdiction of the subject matter" is equivalent to saying" any court of competent jurisdiction." This court does not have competent venue jurisdiction. Compare Scott v. Southeastern Greyhound Lines, D.C., 5 F.R.D. 11, but distinquishable on another point.

Then again, section 321(c) should be interpreted in accordance with the nature of the statute of which it is a part. So construed, I take the view that the purpose of the transportation statute in requiring a motor carrier to designate an agent for service of process in each State in which it operates, is that of enabling residents of such States, or of other States transacting interstate business through the motor carrier in the particular State, to enforce their rights in contract or in tort in courts of competent jurisdiction. So interpreted section 321(c) seems to have no proper application to this case where neither party to the case is a citizen or resident of this District, where the tort sued for did not occur and where the defendant's truck at the time was not engaged in interstate transportation.

The case most directly in point for an analogous situation is Madden v. Truck-Away Corp., D.C.Minn., 46 F.Supp. 702, holding that section 321(c) was not applicable. See also Lee v. Acme Freight Lines, D.C.Ga., 54 F.Supp. 397. Plaintiff's counsel rely in part upon the doctrine of the Supreme Court in the well-

known Nierbo case [Neirbo Co. v. Bethlehem Shipbuilding Corp.] 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, which, however, I think is not applicable to this situation. They also cite Sansbury v. Schwartz, D.C.D.C., 41 F. Supp. 302, which, however, being a suit in a court of general jurisdiction in the District of Columbia, apparently did not involve consideration of the venue statute here relied on by the defendant. Furthermore, the transaction sued for in the Sansbury case involved interstate transportation although it occurred in another District. I have considered some other cases cited in plaintiff's brief but find them distinguishable on the facts or otherwise inapplicable here.