**DAVIES v. MAHANES.**

No. 6085.

United States Court of Appeals Fourth Circuit.

Argued June 21, 1950.

Decided July 26, 1950.

672

Norman C. Melvin, Jr., Baltimore, Md. (Charles Ruzicka, Baltimore, Md., Edward Rooney, Jacob A. Dickinson and David Prager, Topeka, Kan. on brief), for appellant.

Roszel C. Thomsen, Baltimore, Md. (Jack L. Medwedeff, Baltimore, Md., on brief), for appellee.

Before SOPER and DOBIE, Circuit Judges, and MOORE, District Judge.

DOBIE, Circuit Judge.

Plaintiff, an individual citizen of Kansas, sued defendant, an individual citizen of Virginia, in the United States District Court for the District of Maryland for damages sustained in a motor vehicle accident in Virginia. Service of process was made on an agent in Maryland appointed by defendant under U.S.C.A. Title 49, § 321(c). At the time of the accident, the truck of defendant was engaged purely in the intrastate transportation of goods from Pin Hook, Virginia, to Altavista, Virginia. District Judge Chesnut granted the defendant's motion to dismiss without prejudice, and plaintiff has duly appealed. Since we agree fully with the incisive opinion of the District Judge, 88 F.Supp. 550, to which little need be added, we must affirm the judgment below.

The Judicial Code, U.S.C.A., Title 28, § 1391(a), provides: "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

The Federal Motor Carrier Act, 49 U.S.C.A. § 321(c), provides: "Every motor carrier shall also file with the board of each State in which it operates a designation in writing of the name and post-office address of a person in such State upon whom process issued by or under the authority of any court having jurisdiction of the subject matter may be served in any proceeding at law or equity brought against such carrier."

Defendant has filed in Maryland the certificate required by this Act. It is thus clear that the District of Maryland is not the proper venue under the general statute quoted above. The only question, then, is whether the venue is proper under the Motor Carrier Act. We think not.

In Madden v. Truckaway Corporation, D.C., 46 F.Supp. 702, 704, District Judge Nordbye said: "I am convinced that, when the language of the process

statute is read in connection with the general purposes and objects of the Act, it seems reasonably clear that, when Congress used the language 'in any proceeding at law or equity brought against such carrier,' it necessarily implied that such *proceedings* in law or equity must *arise under or be in connection with or in relation to, the activities of the carrier in interstate transportation."* (Italics ours.)

And, again, 46 F.Supp. at page 706, Judge Nordbye observed: "It will be observed that, in these cases where the *court has sustained service,* the *proceedings were directly related to the defendant's activities as an interstate carrier.* That is, the cause of action grew out of interstate commerce —the interstate highway transportation— which the Act assumes to regulate and supervise." (Italics ours.)

This philosophy in the interpretation of the Motor Carrier Act impresses us as being eminently sound. Cf. Lee v. Acme Freight Lines, D.C., 54 F.Supp. 397, 398.

Surely, Congress in requiring Mahanes, as an interstate motor carrier, to file the required certificate in Maryland did not thereby intend to subject him to suits in the United States District Court of Maryland based on causes of action, or claims, of every character and arising out of all transactions wheresoever these transactions might arise. Congress passed the Motor Carrier Act under its power to control interstate commerce.

It might be noted, too, that this provision of the Motor Carrier Act is concerned solely with *service of process* and says nothing of *venue.* That service of process and venue are quite distinct needs no discussion or citation of cases. It is elementary learning that as to a particular civil action in a District Court of the United States, the venue may be perfect and service of process bad, while the converse is equally true.

The cases cited by appellant may be quickly distinguished. In all of them, the transaction involved arose out of interstate commerce, or the action was instituted in the District of Columbia, where the federal courts (the only courts in that District) are, for many purposes, assimilated to courts of\ general jurisdiction. And see King v. Robinson Transfer Lines, 219 N.C. 223, 13 S.E.2d 233.

As Judge Chesnut observed in his opinion below, 88 F.Supp. at page 551: "So interpreted section 321(c) seems to have no proper application to this case where neither party to the case is a citizen or resident of this District, where the tort sued for did not occur and where the defendant's truck at the time was not engaged in interstate transportation."

And it would indeed require a strained interpretation of the Federal Motor Carrier Act were we to hold (as appellant would have us) that Congress thereby sought to interfere with the orderly settlement of controversies arising solely out of intrastate operations by giving to plaintiffs a wide choice of forums in utter disregard of both the convenience of the parties and the policy of the State where the accident occurred or of the State where defendant resides.

The judgment of the District Court is affirmed.

Affirmed.