WESLEY A GOODE, KENNETH GOODE, an infant by his next friend, Wesley A. Goode, MAGGIE CLARA GOODE and SUSIE S. BRATTON, v. JOHN T. SISK, trading as Sisk Transfer.

(*August* 20, 1954.)

CAREY, J., sitting.

*Januar D. Bove, Jr.* (of Connolly, Cooch and Bove) for plaintiffs.

*William H. Bennethum* and *Ernest S. Wilson, Jr.* (of Morford, Bennethum and Marvel) for defendant.

Superior Court for New Castle County, No. 707, Civil Action, 1953.

CAREY, J.:

The question to be determined here is whether service upon a non-resident through his agent, designated as such in accordance with the requirements of the quoted Federal Statute, is valid when the action is one based upon an event occurring solely during defendant's intrastate activities.

In *Madden v. Truckaway Corporation*, 46 *F. Supp.* 702, 704, the Minnesota District Court construed Section 321(c) of the Interstate Commerce Act, and held that the Congressional intent was "that the public should be protected by reason of accidents growing out of the negligent use of motor vehicles engaged in interstate transportation, and also that shippers should be protected in the event of loss of property shipped in such commerce." The Court further said that "when the language of the

process statute is read in connection with the general purposes and objects of the Act, it seems reasonably clear that, when Congress used the language 'in any proceeding at law or equity brought against such carrier,' it necessarily implied that such proceedings in law or equity must arise under or be in connection with or in relation to, the activities of the carrier in interstate transportation."

The *Madden* case was a suit against a Michigan Corporation by a stockholder involving the corporation's internal affairs. It was held that service under the Interstate Commerce Act was not a permissible way to bring the defendant into Court on such a cause of action.

The reasoning of the Madden opinion was followed and approved by the United States Court of Appeals for the Fourth Circuit in *Davies v. Mahanes*, 183 *F.* 2d 671, which was a case involving facts very similar to those of the present case. Judge Dobie pointed out, as did Judge Chestnut in the District Court, 88 *F. Supp.* 550, that certain other cases which seem to hold to the contrary were in fact instances where the cause of action arose out of interstate commerce. Whether *Sansbury v. Schwartz, D. C.*, 41 *F. Supp.* 302, is an example of this is not entirely clear. *Scott v. South Eastern Grey Hound Lines, D. C.*, 5 *F. R. D.* 11, and *State ex rel. Blackledge v. Latourette*, 186 *Or.* 84, 205 *P.* 2d 849, 8 *A. L. R.* 2d 803, did arise out of interstate commerce. The impressiveness of *Esperti v. Cardinale Trucking Corporation*, 263 *App. Div.* 46, 31 *N. Y. S.* 2d 253, is considerably lessened by the apparently conflicting case of *Kuris v. Pepper Poultry Co.*, 174 *Misc.* 801, 21 *N. Y. S.* 2d 791.

Whatever may be the rule of the New York cases, in view of the fact that we are now seeking the proper interpretation of a Federal Statute, the Federal cases should be regarded as more persuasive. 2 *Sutherland Statutory Construction* (3 Ed.) 329. Even if it be true that the Federal authorities are not entirely in harmony the rule of the *Madden* and *Davies* opinions commends itself as the more reasonable and the more likely to be

in accordance with actual Congressional intent. While the Interstate Commerce Act exercises wide control over the interstate activities of a motor carrier, it is not likely that Congress intended to regulate intrastate operations of such a carrier, even conceding that it has the power to do so.

We need not go so far as to say that, in order to obtain service under this statute in Delaware, the accident must have occurred in Delaware, for that is not the situation before us. The fact is that the present cause of action arose solely out of a Virginia resident's intrastate activity in the State of his domicil and, in that situation, the Interstate Commerce Act has no application.

Defendant's motion must be granted.