## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Karen Turner,
an infant, etc.

v.

Harris Express, Inc.

Sharen Turner,
an infant, etc.

v.

Harris Express, Inc.

June 27, 1968

Case Nos. 538 and 539

By Judge A. Christian Compton

The several dilatory pleas filed in these cases by the defendant are overruled.

These personal injury actions arise out of a collision which occurred in Charlotte County, Virginia, between a vehicle occupied by the plaintiffs, residents of New York, and another owned by the defendant, a foreign corporation not licensed to do business in Virginia and which has no Registered Agent appointed under the applicable Virginia statutes. At the time of the accident, the defendant's vehicle was engaged as an interstate carrier.

One James R. Farley was served with the process in the City of Richmond as the result of his designation pursuant to "The Interstate Commerce Act, Part II; Motor Carriers" (Federal Motor Carrier Act) 49 U.S.C.A. Section 321(c) which provides in part as follows:

> (c) Every motor carrier . . . shall also file with the board of each State in which it operates and with the Interstate Commerce Commission a designation in writing of the name and

post office address of a person in such State upon whom process issued by or under the authority *of any court having jurisdiction of the subject matter may be served in any proceeding at law or equity brought against such carrier . . . .* (emphasis supplied).

The issue is whether the venue is properly laid in this court.

The defendant has filed motions to quash the service of process and pleas in abatement. It argues that while the service of process may be proper, the venue is not properly fixed in this court but is in Charlotte County where the accident occurred. It urges that the above provision of the Motor Carrier Act merely provides a means of service of process and does not provide an additional place of venue.

The plaintiff asserts that Farley is the "statutory agent" referred to in Code Section 8–38(6); that even if Farley does not so qualify, the defendant has waived any right to contest the venue here because the appointment of the agent pursuant to the Federal act constitutes consent to be sued in the City of Richmond; and that the prior decision favorable to these plaintiffs by the local Federal District Court in an action involving the same parties, the same cause of action, and this same issue, is res adjudicata.

Because of the view the Court takes of the case, it is only necessary to discuss the second point made by the plaintiffs. In Virginia the defendant may waive the privilege of being sued only in the place or places prescribed by the statutes. 19 M.J., *Venue*, Section 12. The federal cases uniformly hold that an interstate motor carrier's compliance with Section 321(c) in designating a statutory agent to receive service of process in a particular state constitutes a waiver of the privilege conferred upon a defendant under the federal venue statute. *Shapiro* v. *Southeastern Greyhound Lines*, 155 F.2d 135, 136 (6th Cir. 1946); *Neirbo Co., et al. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 84 L. Ed. 167, 60 S. Ct. 153, 128 A.L.R. 1437 (1939); *Central Rigging & Cont. v. J. E. Miller Trans. & Storage Co.*, 199 F. Supp. 40, 43 (W.D. Pa. 1961); *Wynne* v. *Queen City Coach Co.*, 49 F. Supp. 103, 104 (N.J. 1943); *Sansbury* v. *Schwartz*, 41 F. Supp. 302, 303 (D. D.C. 1941); Annos. 128 A.L.R. 1447, supplementing 119 A.L.R. 676, and 8 A.L.R.2d 814. See decision of Judge Robert R. Merhige, Jr., rendered in these cases on January 5, 1968, in *Harvey Lee Turner, et al. v. Harris Express, Inc.*, Civil Action No. 5141.

The case of *Davis* v. *Mahanes*, 183 F.2d 671 (4th Cir. 1950) (see opinion of district court in 88 F. Supp. 550), relied on by the defendant, is not authority to the contrary since the trip there was *intrastate*. For a federal case reaching a result contrary to the general rule but which is distinguishable on the facts, see *Eastman Kodak Co. v. Boyce Motor Lines, Inc.*, 74 F. Supp. 981 (S.D. N.Y. 1947).

The Court concludes that the defendant in these cases has consented to be sued in the City of Richmond by appointment of an agent in this city and "the fact that the consent was given under a valid federal statute rather than under a state statute does not detract from the force and legal effect of that consent . . . ." 155 F.2d 136. See *State* v. *LaTourette*, 205 P.2d 849, 855–857, 8 A.L.R.2d 803 (Ore. 1949); *Huber* v. *Wilson*, 126 S.W.2d 893, 895 (Tenn. 1938).

For the reasons stated above, the venue of these actions is properly laid in this court and the motions and pleas are overruled.