Chester A. ZYBLUT, Appellant,

v.

SHIPPERS BEST EXPRESS,
INC., Appellee.

No. 14115.

District of Columbia Court of Appeals.

Argued June 19, 1979.

Decided Nov. 20, 1979.

Maxwell A. Howell, Washington, D. C.,
for appellant.

No brief for appellee filed.

Before KERN, GALLAGHER, and NE-
BEKER, Associate Judges.

NEBEKER, Associate Judge:

Following a ruling by the trial court that
the appellee-defendant had not been prop-
erly served, the court in essence dismissed
the case. The appellant urges reversal on
the theory that § 221(c) of the Interstate
Commerce Act, 49 U.S.C. § 321(c) (1970),[1]
provides for the designation of an agent in
the District of Columbia to receive service
of process. We affirm by holding that the
agent's authorization to accept service does
not extend to this case.

The appellant is a District of Columbia
attorney who represented the appellee be-
fore the Interstate Commerce Commission
(I.C.C.) at the seat of government. He
seeks to collect fees that he asserts have
accrued for these services. The appellee is
a foreign corporation and has sought and
received permission from the I.C.C. to pro-
vide motor carriage services from the State
of Washington to the District of Columbia.
Despite authorization to ship to the District
of Columbia, appellee has never done so and
therefore has not done business here.

The issue is whether the Superior Court
erred in dismissing the suit for want of
jurisdiction over the appellee. At oral ar-
gument appellant abandoned a theory ad-
vanced in his brief that service was permit-
ted under the District of Columbia long-
arm statute.[2] However, he continued to
rely on his second thesis; that service was
proper under the Interstate Commerce Act,
under § 321(c), *supra*. It is that issue alone
which we address in this opinion.

We conclude that personal jurisdiction
may not be predicated under § 321(c), *su-*

1. This section has been repealed and substan-
tially replaced. *See* Act of Oct. 17, 1978,
Pub.L. 95–473, § 4(b), 92 Stat. 1446. Neverthe-
less, for ease of reference, we will use the
United States Code citation.

2. *See Environmental Research International
Inc. v. Lockwood Greene Engineers, Inc.,* D.C.
App., 355 A.2d 808 (1976) (en banc).

*pra*, and that appellant's argument lacks persuasive merit. Section 321(c)[3] provided:

> Every motor carrier (including any motor carrier operating within the United States in the course of engaging in transportation between places in a foreign country or between a place in one foreign country and a place in another foreign country) shall also file with the board of each State *in which it operates* and with the Interstate Commerce Commission a designation in writing of the name and post office address of a person in such State upon whom process issued by or under the authority of any court having jurisdiction of the subject matter may be served in any proceeding at law or equity brought against such carrier. Such designation may from time to time be changed by like writing similarly filed. In the event such carrier fails to file such designation, service may be made upon any agent of such motor carrier within such State. [Emphasis added.]

Certain courts have interpreted the statute literally as providing for the appointment of an agent to receive process "in any proceeding [in] law or [in] equity." For example, in *Sandburg v. Schwartz*, 41 F.Supp. 302 (D.D.C.1941), the court stated:

> It would appear from the terms of the Act in question that such motor carriers are treated as if physically present in each of the States through which they are licensed to operate, and, although they may not have physical property and station agents at all times within each jurisdiction, they are, for the purpose of answering process of the courts of such jurisdiction, legally to be found therein and inhabitants thereof. [*Id.* at 303.]

However, certain courts have held that the section impliedly provides that the proceeding must arise out of or be related to the activities of the interstate certificate holder. *Davies v. Mahanes*, 183 F.2d 671 (4th Cir. 1950), is exemplary of this interpretation:

In *Madden v. Truckaway Corporation*, . . . 46 F.Supp. 702, 704, [D.Minn. 1942] District Judge Nordbye said: "I am convinced that, when the language of the process statute is read in connection with the general purposes and objects of the Act, it seems reasonably clear that, when Congress used the language 'in any proceeding at law or equity brought against such carrier,' it necessarily implied that such *proceedings* in law or equity must *arise under or be in connection with or in relation to the activities of the carrier in interstate transportation.* (Italics ours.)

And, again, 46 F.Supp. at page 706, Judge Nordbye observed: "It will be observed that, in these cases where the *court has sustained service*, the *proceedings were directly related to the defendant's activities as an interstate carrier.* That is, the cause of the action grew out of interstate commerce—the interstate highway transportation—which the Act assumes to regulate and supervise." (Italics ours.)

This philosophy in the interpretation of the Motor Carrier Act impresses us as being eminently sound. Cf. *Lee v. Acme Freight Lines*, D.C., 54 F.Supp. 397, 398.

Surely, Congress in requiring Mahanes, as an interstate motor carrier, to file the required certificate in Maryland did not thereby intend to subject him to suits in the United States District Court of Maryland based on causes of action, or claims, of every character and arising out of all transactions wheresoever these transactions might arise. Congress passed the Motor Carrier Act under its power to control interstate commerce. [*Id.* at 672–73.]

While we are inclined to the view expressed in *Davies v. Mahanes, supra*, we need not make a choice because even under a broad reading of the statute, valid service of proc-

---

**3.** The pertinent provision of the Act, as amended by the Act of July 22, 1954, Pub.L.No.83–522, § 3, 68 Stat. 526–27 (1954) (formerly codified at 49 U.S.C. § 21(c) (1970), was repealed by the Act of Oct. 17, 1978, Pub.L.No.95–473, § 4(b), 92 Stat. 1466 (1978). A substantially similar provision is now codified as § 10330 of title 49. There is no question but that the now repealed § 321(c) is applicable.

**980**

ess is not possible. There can be no doubt that the representation in this case before the Interstate Commerce Commission does not relate to the defendant's activities as an interstate carrier. This cause of action did not grow out of those activities of interstate commerce of which the Act contemplates regulation and supervision. The services, which prompted this suit, were performed before appellant became a carrier authorized to conduct commerce here.

Therefore, the decision of the trial court must be

*Affirmed.*